UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| ANTHONY ZAMORA, | Case No. 3:19-cv-00015-MMD-WCF |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| HENSEN et al., | |
| Defendants. | |

This action began with a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. Plaintiff has submitted an application to proceed *in forma pauperis.* (ECF No. 4.) Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this matter.

The Court entered a screening order on Plaintiff's complaint on November 18, 2019. (ECF No. 5.) The screening order dismissed all of the Defendants except for Hensen from this action, stayed the case for 90 days, and instructed the Attorney General's Office to inform the Court as to whether it would make a limited appearance for the purpose of settlement. (*Id.*) The Attorney General's Office indicated that Hensen[1] is no longer a state employee and that it could not appear on his behalf unless Hensen requested in writing that it do so. (ECF No. 7.) The Court ordered the Attorney General's Office to file Hensen's last known address under seal, which the Attorney General's Office has now done. (ECF Nos. 8, 9.)

For the foregoing reasons, **IT IS ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is **GRANTED**. Plaintiff shall not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

---

[1] The complaint refers to "Senior Officer Hensen" (ECF No. 5 at 1), but the Attorney General's Office identifies the Defendant as Daniel Hensen (ECF No. 7 at 1).

2. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. Pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (**Anthony Zamora, #1189380**), in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action. The Clerk of the Court shall **SEND** a copy of this order to the Finance Division of the Clerk's Office. The Clerk of the Court shall also **SEND** a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

4. The Clerk of Court **will issue a** summons for Defendant Daniel Hensen, **and deliver the same**, to the U.S. Marshal for service. The Clerk also **will send** sufficient copies of the complaint (ECF No. 6) and this order to the U.S. Marshal for service on Defendant Hensen.

5. The Clerk **will send** to Plaintiff **one (1)** USM-285 form. Plaintiff will have **thirty (30) days** within which to furnish to the U.S. Marshal the required USM-285 form with relevant information as to Hensen. Plaintiff should indicate on the form that Hensen's last known address is filed under seal in ECF No. 9 in this action, Case No. 3:19-cv-00015-MMD-WGC.

6. Within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendant(s) were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved Defendant(s), then a motion must be filed with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s),

or whether some other manner of service should be attempted.

7. Plaintiff will serve upon Defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff will include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendants or counsel for the Defendants. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

8. This case is no longer stayed.

DATED THIS 15th day of January 2020.

_William G. Cobb_
UNITED STATES MAGISTRATE JUDGE